| | | |
|---|---|---|
| CORTEZ R. JAMAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.:   3:25-CV-386-TAV-DCP |
| | ) | |
| T. BALLARD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

This civil matter is before the Court on a Report and Recommendation ("R&R") issued by United States Magistrate Judge Debra C. Poplin on April 1, 2026 [Doc. 8].  In the R&R, Judge Poplin granted plaintiff's application to proceed *in forma pauperis* [Doc. 4] but given his status as an inmate in the Knox County Roger D. Wilson Detention Facility, assessed him the civil filing fee of $350.00.  Additionally, after screening the complaint, Judge Poplin recommends that the Court dismiss plaintiff's complaint for failure to state a claim on which relief can be granted.  Plaintiff, proceeding *pro se* in this matter, filed an objection to the R&R on April 29, 2026 [Doc. 10].  In addition, plaintiff filed a supplement to his complaint [*see* Doc. 9]; however, this supplement does not contain any allegations not already in plaintiff's complaint [*Compare* Doc. 1 *with* Doc. 9].[1]  For the reasons that follow, plaintiff's objection is **OVERRULED**, and the Court **ACCEPTS** and **ADOPTS** the R&R [Doc. 8] in whole.

---

[1]  In his supplement, plaintiff does state for the first time that his situation "does not relate to any prong listed in State v. Day" [Doc. 9, p. 2].  To the Court's best finding, it appears that plaintiff may be referring to *State v. Day*, 263 S.W.3d 891 (Tenn. 2008).  In *Day*, the Tennessee

## I.    Standard of Review

This Court reviews *de novo* those portions of the magistrate judge's report and recommendation to which a party objects, unless the objections are frivolous, conclusive, or general.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Smith v. Detroit Fed'n of Tchrs.*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).  "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider."  *Mira*, 806 F.2d at 637 (internal quotation marks omitted) (citation omitted).  A general objection, in contrast to a specific objection, "has the same effect[ ] as would a failure to object."  *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  In other words, a litigant must identify each issue in the report and recommendation to which the litigant objects with sufficient clarity such that the Court can identify it, or else that issue is deemed waived.  *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (stating that objections must go to "factual and legal" issues "at the heart of the parties' dispute").  Furthermore, each objection to a magistrate judge's recommendation should explain the source of the error.  *Howard*, 932 F.2d at 509.

---

Supreme Court discussed a "two-prong standard" relating to what must be shown under Tennessee law when "information forming the basis for a motor vehicle stop is derived from an anonymous informant."  263 S.W.3d at 903–04.  Ultimately, even if this case and issue was the matter to which the plaintiff was referring, it would have no impact on the Court's ruling *infra*.

In addition, if "objections merely restate the arguments asserted" earlier by a party, "which were addressed by the magistrate judge's report and recommendation, the Court may deem those objections waived." *Modrall v. U.S. Dep't of Educ.*, No. 1:19-cv-250, 2020 WL 2732399, at \*2 (E.D. Tenn. May 26, 2020) (citing *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004)); *accord Thrower v. Montgomery*, 50 F. App'x 262, 264 (6th Cir. 2002) (affirming the district court's dismissal of the action because in part, the plaintiff presented "no new arguments beyond those already addressed by the magistrate judge").

The Court is mindful that because plaintiff is proceeding *pro se*, his pleadings should be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). But plaintiff's *pro se* status does not exempt him from the requirement of complying with relevant rules of procedural and substantive law. *See Felts v. Cleveland Hous. Auth.*, 821 F. Supp. 2d 968, 970 (E.D. Tenn. 2011).

## II.     Analysis

Judge Poplin summarizes plaintiff's complaint as follows:

Plaintiff names two Defendants in this case: Detective T. Ballard ("Defendant Ballard") and Detective Marcus Parton ("Defendant Parton"), in their official and individual capacities. Plaintiff's first cause of action is for false arrest. Plaintiff alleges that on March 5, 2025, "[D]efendants Ballard and Parton falsely arrested [Plaintiff] on James White Highway without probable cause in violation of Plaintiff's 4th Amendment right not to be unreasonably seized."

Plaintiff's second cause of action is for false imprisonment. Plaintiff alleges that on that same date, "[D]efendants Ballard and Parton falsely

3

imprisoned [Plaintiff] on James White Highway without probable cause in violation of Plaintiff's 4th Amendment right."

Specifically, Plaintiff states that on March 5, 2025, Plaintiff "was pulled over by [D]efendant Ballard." Plaintiff submits that "[w]hen [D]efendant approached the car he alleged plaintiff had committed a traffic violation for speeding." He alleges that Defendant "Ballard asked for license and registration;" that "[he] provided the registration for the rental he was driving and told [Defendant] Ballard that he did not have license;" and that this occurred around 9:00 p.m. Plaintiff avers that "Defendant Ballard then instructed Plaintiff and the other three (3) passengers to exit the vehicle" and that at this point, "officers had arrived on the scene of the traffic stop." Plaintiff contends that "Defendant Ballard then began to search [Plaintiff] aggressively, taking his forearm . . . rubbing in up and down Plaintiff's buttocks area." Plaintiff maintains "[h]is search . . . revealed nothing."

Plaintiff states that "[f]or two (2) hours [D]efendants searched the vehicle and Plaintiff was told to remain standing for the entire (2) hours, due to being commanded not to sit down." Around 11:00 p.m., Plaintiff alleges that "[a] K.P.D. Patty wagon pulled up after the search and [D]efendant Ballard approached [him] and told him to turn around an[d] arrested him placing restraints on his liberty, without explaining why he was under arrest, or even telling him that he was under arrest." He maintains that he "was not taken without necessary delay before the nearest appropriate magistrate" and that instead "he was placed in a patty wagon and taken to 226 Taliwa Gardens Drive in Knoxville, TN." He avers that he "was never removed from the patty wagon; not allowed to use the restroom or offered the opportunity too by defendants." He states he "remained restrained while [D]efendant Marcus Parton applied for a search warrant of the Taliwa Gardens residence."

Plaintiff was charged with an offense of T.C.A. § 39-17-417(c) "from the evidence seized from the search of 226 Taliwa Gardens by Defendant Parton." Plaintiff submits that he "did not see a magistrate judge until 12:28 p.m., Judge Chris Rowe." Plaintiff argues that "[i]f probable cause existed [Plaintiff] would not have been taken to 226 Taliwa Gardens residence while defendants searched." Plaintiff contends that he "was pulled over for allegedly speeding," but that "no traffic citation was issued and he was removed from the vehicle and arrested without probable cause[.]" Plaintiff avers that "[i]nside the tight space in the back of the patty wagon he had trouble breathing; he was also handcuffed from behind for such a long duration of time that . . . the [guards] had to help him get

4

undressed to change into his jail uniform due to the los[s] of strength in his arms."

Plaintiff seeks $1,000,000 in compensatory damages and $1,000,000 in punitive damages to deter future conduct.

[Doc. 8, pp. 3–5 (citations omitted) (alterations in original)].

After screening the complaint, Judge Poplin recommended that plaintiff's complaint be dismissed for failure to state a claim upon which relief can be granted [*Id.* at 6–8]. Beginning with plaintiff's official-capacity claims, Judge Poplin first noted that a § 1983 official-capacity claim against an officer is equivalent to a suit against the employing government entity, and "such claims require a plaintiff to identify a policy or custom and connect it to the government entity itself rather than to the actions of the individual officer" [*Id.* at 6 (citations omitted)]. Despite this requirement, Judge Poplin found that plaintiff did not "attribute any wrongdoing to a custom or policy of the employing entity for [d]efendants Ballard and Partin, such that the entity could be liable under § 1983" [*Id.*]. As to his individual-capacity claims, Judge Poplin determined that plaintiff had failed to state a claim for either false arrest or imprisonment due to plaintiff's "own admission that he was driving without a license, which gave the officers probable cause to believe that [p]laintiff was violating the law at the time of arrest" [*Id.* at 8]. Finally, Judge Poplin concluded that permitting amendment to the complaint would be futile [*Id.*].

Turning to plaintiff's objection, he asserts that the Magistrate Judge is wrong "because speeding and no Driver['s] License [are] not [ ] arrestable offense[s] under

Tennesse[e] law" [Doc. 10, p. 1].  Plaintiff argues that he should have been released at the scene given that, under Tennessee law, only a citation is authorized for traffic offenses [*Id.*].

Foremost, to the extent plaintiff asserts that the Magistrate Judge is incorrect because speeding is not an arrestable offense, the R&R is void of such conclusion. Accordingly, plaintiff's objection is **OVERRULED** to such extent.

Turning then to the assertion that the Magistrate Judge is incorrect because driving without a license is not an arrestable offense, the Court notes first that plaintiff provides no legal support for his proposition, making such objection improper [*See* Doc. 10, p. 1]. *See Smigelski v. Fed. Bureau of Investigation*, No. 2:25-CV-1013, 2026 WL 1199371, at *2 (S.D. Ohio May 1, 2026) (overruling the plaintiff's objection because the plaintiff failed to provide sufficient factual or legal support); *Williams v. Gold*, No. 23-CV-12690, 2024 WL 4349180, at *2 (E.D. Mich. Sept. 30, 2024) (characterizing the plaintiffs' objection as flawed as the plaintiffs provided no factual or legal support for their objection).

Nevertheless, plaintiff's objection is meritless because "[i]f an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001); *accord Englett v. Rock*, No. 1:23-CV-7, 2023 WL 6632975, at *4 (M.D. Tenn. Sept. 12, 2023), *report and recommendation adopted*, No. 1:23-CV-7, 2023 WL 6628598 (M.D. Tenn. Oct. 11,

6

2023) (citation omitted) (noting that the Fourth Amendment permits a warrantless arrest for even traffic misdemeanors). And, as articulated by the Supreme Court in *Virginia v. Moore*, Tennessee law does not affect this analysis. 553 U.S. 164, 176 (2008) ("We conclude that warrantless arrests for crimes committed in the presence of an arresting officer are reasonable under the Constitution, and that while States are free to regulate such arrests however they desire, state restrictions do not alter the Fourth Amendment's protections."); *see also Gregory v. Burnett*, 577 F. App'x 512, 517 (6th Cir. 2014) (citation omitted) ("Whether [the plaintiff's] arrest constituted an unlawful seizure for the purposes of § 1983 must be determined on the basis of Fourth Amendment law, not the basis of a state statute.")

In other words, even if driving without a license was a non-arrestable offense under Tennessee law,[2] if an officer had probable cause to believe that plaintiff committed such offense in his presence, the officer could arrest plaintiff without violating the Fourth Amendment. *Thomsen v. Sullivan Cnty.*, No. 2:22-CV-5, 2023 WL 4633479, at *5 (E.D. Tenn. July 19, 2023) (finding that, because the defendant-officer had probable cause to arrest the plaintiff for the parking offense, the plaintiff's arrest—"even if 'foolish' or

---

[2] Though not of consequence in this case, other courts have suggested that driving without a license is an arrestable offense under Tennessee law. *See State v. Jackson*, 313 S.W.3d 270, 273 (Tenn. Crim. App. 2008) (citing Tenn. Code Ann. § 40-7-118(c)(2), (3) (current version Tenn. Code Ann. § 40-7-118(d)(2), (3))) (concluding that the custodial arrest of the defendant was legal because if the defendant had received just a citation, "he would have continued to commit the offense of driving without a license[,]" and moreover, the defendant did not offer satisfactory evidence of identification as required); *United States v. Ross*, 91 F. App'x 482, 483-84 (citing Tenn. Code Ann. § 40-7-118) (providing that when the defendant did not produce any identification during a traffic stop, "state law obligated [the officer] to arrest [the defendant]").

7

inconsistent with state law—was constitutional under *Atwater* and *Moore*"); *Long v. Town of Greeneville*, No. 2:21-CV-45, 2022 WL 806837, at *2 (E.D. Tenn. Mar. 15, 2022) (finding the plaintiff's argument that the defendants "violated his Fourth Amendment rights by arresting him, instead of issuing a citation" failed as a matter of law under *Moore*); *Yosh v. Wilhoit*, No. 2:18-CV-138, 2021 WL 5183707, at *7–8 (E.D. Tenn. Nov. 8, 2021) (determining, based on *Atwater* and *Moore*, that the plaintiff's arrest for speeding, which was observed by one of the defendant officers, did not violate the Fourth Amendment); *United States v. Sullivan*, No. 3:09-CR-28, 2010 WL 1688784, at *4 (W.D. Ky. Apr. 26, 2010) (noting that, while "[o]perating a vehicle with an instruction permit but without an accompanying licensed driver is not an arrestable offense under Kentucky state law[,]" the police can lawfully arrest a person under the Fourth Amendment "for even a very minor offense").

The Magistrate Judge here found that the officers had "probable cause to believe that [p]laintiff was violating the law at the time of his arrest" [Doc. 8, p. 8]. Plaintiff has not disputed this determination, and upon review, the Court agrees with the Magistrate Judge. Accordingly, and based on the authority cited herein, plaintiff's objection is **OVERRULED**.

### III. Conclusion

After a careful review of the matter, the Court agrees with the Magistrate Judge's recommendation. Accordingly, the Court **ACCEPTS** and **ADOPTS** the R&R in whole

8

[Doc. 8].  Plaintiff's complaint is **DISMISSED**, and the Clerk of Court is **DIRECTED** to CLOSE this case.  A separate judgment order will follow.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

9